# Ohio River Junction Railroad Company v. Pennsylvania Company, Appellant.

*Railroads—Severance of connection—Injunction—Equity.*

On a bill in equity by one railroad company against another it appeared that plaintiff's railroad was built by the defendant company as a side track of its own road, partly on its own land, and partly on a right of way furnished by a private firm for whose accommodation and at whose instance it was constructed. By the agreement under which it was built it was to be under the management and control of defendant, and subject to removal at its option at any time upon sixty days' notice. The notice was given prior to the filing of the bill. The plaintiff company acquired the rights of the private firm to the property in question, and procured a charter as a railroad under the Act of April 4, 1868, P. L. 62. It filed a petition in the common pleas for the appointment of viewers to determine and fix the terms of a connection with defendant's railroad. When the bill was filed this proceeding had been pending for some time. The court below found that a severance of the existing connection would work great injury, and awarded an injunction. *Held,* that so far as present rights are concerned the bill had not been sustained, but in view of the finding by the court below of the injury that would be done by an immediate severance the injunction should be continued four months to allow plaintiff to establish its rights in the proceedings in the common pleas.

Argued Oct. 16, 1906. Appeal, No. 37, Oct. T., 1906, by defendant, from decree of C. P. Beaver Co., June T., 1903, No. 6, on bill in equity in case of Ohio River Junction Railroad Company v. Pennsylvania Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed with modification.

Bill in equity for an injunction.

The opinion of the Supreme Court states the case.

*Error assigned* was decree awarding an injunction.

*James L. Hogan*, with him *John M. Buchanan*, for appellant.

*William A. McConnel*, for appellee.

PER CURIAM, January 7, 1907 :

Some very serious questions are suggested in this case, though they belong perhaps more properly for purpose of decision to another branch of the same controversy which is not yet before us.

The plaintiff's railroad, or the contested part of it, was built by the defendant company as a side track of its own road, partly on its own land and partly on a right of way furnished by the Parks, a private firm for whose accommodation and at whose instance it was constructed. By the agreement under which it was built it was to be and has continued under the management and control of the defendant, and subject to removal at its option at any time upon sixty days' notice. Such notice has been given, the time has expired, and, so far as any rights derived from the agreement are concerned, neither the Parks nor the appellee have any title available to sustain this bill.

But the plaintiff has acquired the rights of the Parks in the property in question, and has procured a charter as a railroad under the Act of April 4, 1868, P. L. 62. Claiming the right under the constitution and the act of 1868 to make a connection with the defendant's railroad, it has filed a petition in the common pleas of Beaver county for the appointment of viewers to determine and fix the terms of the connection. The viewers were appointed more than three years ago, but, so far as we are informed, nothing further has been done, and the delay is not explained. It is in this proceeding that the questions alluded to supra will properly arise. Whether, under the circumstances, the plaintiff is entitled to the rights of a railroad as against the defendant; whether, conceding such title, a new railroad can, by simply inserting it in its charter route, take a siding which is the property and on the land of a senior railroad, these and other questions of a like character will apparently be involved in that proceeding.

So far as present rights are concerned the plaintiff has failed

to sustain its bill, and in strictness it should be dismissed. But in view of the finding by the court below of the nature and extent of the injury that would be done by the immediate severance of the existing connection, we conclude to maintain the status quo by allowing the injunction to stand.

The plaintiff, however, must push the other proceeding with diligence to have its rights determined. The injunction, therefore, is limited to four months from this date. So modified the decree is affirmed.