# Ohio River Junction Railroad Company's Petition.

*Railroads—Connection between railroads—Contract.*

In a proceeding to fix and determine the terms and manner of a proposed connection between two railroads, it appeared that the complainant's railroad was built by the respondent company as a side track of its own road, partly on its land and partly on a right of way furnished by a private firm for whose accommodation and at whose instance it was constructed. By the agreement under which it was built it was to be under the management and control of the respondent, and subject to removal at its option at any time upon sixty days' notice. This notice was given. The complainant company acquired the rights of the private firm to the property in question, and procured a charter as a railroad under the Act of April 4, 1868, P. L. 62. *Held,* that as the respondent company having by its own act terminated the agreement, as it had a right to do under its terms, the contract was at an end, and the parties stood with respect to their rights in the same position as though the contract had never been made.

Exceptions in proceedings to fix and determine the terms and manner of a proposed connection between two railroads are properly dismissed, where such exceptions are not based upon any facts proven or apparent in the case.

Argued Oct. 23, 1907. Appeal, No. 139, Oct. T., 1907, by the Pennsylvania Company, lessee of the Pittsburg, Fort Wayne & Chicago Railway, from order of C. P. Beaver Co., Sept. T., 1903, No. 186, dismissing exceptions to report of viewers In re Petition of the Ohio River Junction Railroad Company for connecting with the Pittsburg, Fort Wayne & Chicago Railway. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of viewers. Before BOUTON, P. J., specially presiding.

For the facts see the opinion of the Supreme Court and Ohio River Junction Railroad Company v. Pennsylvania Company, 216 Pa. 316.

*Errors assigned* were in dismissing exceptions to report of viewers.

*James L. Hogan,* with him *John M. Buchanan,* for appellant.

*William A. McConnel,* for appellee.

·OPINION BY MR. JUSTICE STEWART, January 6, 1908:

This was a proceeding begun by petition of the Ohio River Junction Railroad Company, a corporation chartered under the railroad law of 1868, and operating a line of railroad extending from a point in the township of New Sewickley, in the county of Beaver, to the tracks of the Pittsburg, Fort Wayne & Chicago Railway Company, in the township of Economy, in the same county, for the appointment of viewers to fix and determine the terms and manner of a proposed connection of the former with the latter road. The answer filed to this petition by the Pittsburg, Fort Wayne & Chicago Railway Company and the Pennsylvania Company, lessee, controverted nothing set out in the petition as matter of fact. It denied the plaintiff's right to make the proposed connection, without stating on what grounds the denial was made, and denied also the jurisdiction of the court to appoint viewers for the purpose set out in the petition. Everything necessary to establish a prima facie right in the petitioner was distinctly averred in the petition, and the answer raised no issue of fact. Viewers were appointed by the court and reported in favor of a connection to be made in accordance with a plan attached to the report. Exceptions were filed to the report and evidence taken. This appeal is from the confirmation of the report of the viewers. A number of the original exceptions seem to have been abandoned, and the assignments of error, though five in number, present but a single question for consideration here. They may have been intended to embrace more, but that is impossible in view of the state of the record. To explain this a fuller statement of facts is required. By the report of the viewers the connection allowed is "the one already made." That comes about in this way. In 1884 an agreement was entered into between the Pennsylvania Company, lessee, and the Messrs. Park, who were operating a firebrick plant a short distance from the line of the railroad, whereby the latter secured for their own use, in connection

with their business, a side track a little over a mile in length connecting with the main track of the company. The agreement provided that the railroad company should have the right at any time, upon sixty days' notice in writing, to discontinue the use of the side track and disconnect the same from the railroad ; in such case the railroad company to have no right of property therein except as to the track superstructure. Notice was given by the company of its purpose to discontinue February 11, 1903. On February 18, 1898, a charter was obtained for the Ohio River Junction Railway Company under which it was authorized to construct, operate and maintain a railroad extending from a point in the borough of Rochester, in Beaver county, to a point in New Sewickley township, in the same county. By an amendment to the charter the company was authorized to extend its road and construct a branch to and into the borough of Sewickley. On April 8, 1903, the Messrs. Park, parties to the agreement with the Pennsylvania Company, conveyed by deed to the Ohio River Junction Railroad Company the entire road which they had been using in connection with their manufacturing plant, including the entire side track constructed under the agreement, and which the appellant desired to have disconnected from its main track pursuant to its notice of February 11, 1903. This deed recites that the road so sold for the entire length thereof is upon the location surveyed, staked out and adopted by the Ohio River Junction Railroad Company for its railroad, and that the deed was made simply to confirm a sale which had in point of fact been made to the railroad in 1898. This was at once followed by a proceeding in equity, begun by the Ohio River Junction Railroad Company, to restrain the Pennsylvania Company from disconnecting the track purchased from the Messrs. Park from its main line. The injunction prayed for having been granted, an appeal was taken from the decree awarding it, and the matter was reviewed by this court in Ohio River Junction Railroad Company v. Pennsylvania Company, 216 Pa. 316, with the result that the injunction was ordered to be continued for four months; not that there was any question in the mind of the court as to the merits of the case as then presented, for in the opinion filed it is expressly stated that on the merits the plain-

tiff's bill should have been dismissed. The injunction was continued solely in view of the finding of the court below as to the extent of the injury which would result from the immediate severance of the existing connection, and in order that the plaintiff might have an opportunity to have its rights determined in the present proceeding which was then pending in the court below. The contention in the injunction proceeding clearly foreshadowed certain serious questions likely to arise in this present proceeding; and in the opinion filed these were indicated in express terms. The first was, whether, under the circumstances, the Ohio River Junction Railroad Company is entitled to the rights of a railroad as against the appellant; the other, whether, conceding such title, a new railroad can, by simply inserting in its charter route, take a siding which is the property and on the land of a senior railroad. The subject of the first assignment of error here is the appointment of viewers by the court; that of the fifth, is the confirmation of the report of the viewers. Both assignments being in general terms, and neither specifying the particular point sought to be raised, neither can be considered. The court's refusal of respondent's third exception is the subject of the second assignment. This was to the effect that the Ohio River Junction Railroad Company was estopped from this or any other proceeding by virtue of the agreement between the Parks and the respondent. The third assignment is but a repetition of the second in somewhat different form. With respect to these assignments, it is only necessary to say that the learned judge ruled in exact accordance with what was said in Ohio River Junction Railroad Company v. Pennsylvania Company, supra. He held that respondent having, by its own act, terminated the agreement as it had a right to do under its terms, the contract was at an end, and the parties stood with respect to their rights in the same position as though the contract had never been made. The agreement was not in the case. These exceptions may be dismissed without further comment. The court's dismissal of the respondent's eighth exception is the complaint in the fourth assignment. The exception was in these words: " It is further denied that the said Ohio River Junction Railroad or the Park's road as it was heretofore known, served any number

of people outside of the Pennsylvania Clay Company, being in a sparsely settled district with no public works, except the works of the Pennsylvania Clay Company, as aforesaid." If the purpose of this assignment was to raise one of the serious questions indicated by this court in the former case as likely to be involved in this, it wholly fails. The exception was dismissed because—we quote the language of the court—"it is not based upon any facts proven or apparent in the case." Appellant's view doubtless is, that this is an effort on the part of the plaintiff company to use a charter obtained for a public use for the accomplishment of private ends exclusively, and that therefore, in the accomplishment of these private ends, it is not entitled to the rights of a railroad against it. But how can that question be considered here? We have not only no finding of fact by the court on evidence adduced, but we find no evidence in the case which would justify any finding on the subject. There is absolutely no evidence in the case even remotely bearing on this question. This is equally true in regard to the other serious question which this court in the former case thought likely to arise. There is nothing in the case calling for review. The assignments are dismissed and the order and decree of the court below are affirmed.