# North Shore Railroad Company, Appellant *v.* Pennsylvania Company.

*Equity—Findings of fact—Review—Railroads.*

The findings of fact of a court of equity relating to ownership of tracks in a dispute between two railroad companies as to a right to a connection between the two lines, will not be disturbed by the appellate court when based upon sufficient evidence, and where there is no manifest error.

Argued Jan. 30, 1912. Appeals Nos. 28 and 29, Oct T., 1912, by plaintiff from decree of C. P. Beaver Co., Sept. T., 1910, Nos. 2 and 3, dismissing bills in equity in case of North Shore Railroad Company v. Pennsylvania Company, lessee of and operating the Pittsburgh, Fort Wayne and Chicago Railway. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bills in equity for an injunction. See Ohio River Junction R. R. Co. v. Penna. Co., 216 Pa. 316, and Ohio River Junction R. R. Co.'s Petition, 219 Pa. 345.

*Errors assigned* were decrees dismissing bills.

W. A. *Stone* and *James L. Hogan,* for appellant.

W. A. *McConnell,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 18, 1912:

We have examined carefully the questions raised by the numerous assignments in these cases, and fail to find that the learned president judge of the Thirteenth District, specially presiding in the court below, committed reversible error in any of his findings of fact or law. The case has been here twice before, and our familiarity with all the facts convinces us that the trial court reached the correct conclusion in the decrees entered in both cases.

Our decision in Ohio River Junction Railroad Company's Petition, 219 Pa. 345, determined the right of the company to a connection with the present appellee's lines, and that question is not in this case. We also held in that case that, under the agreement of 1884 between The Pennsylvania Company and the Messrs. Park, the company had the right to discontinue the use of the side track and disconnect it from the railroad, and that upon the exercise of the right, the railroad company was entitled to the track superstructure. The company exercised its right under the agreement, February 11, 1903, and thereafter, as we held, the agreement was at an end and the parties stood with respect to their rights in the same position as though the contract had never been made. These matters were adjudicated in the former cases, but the other questions raised and decided in the present cases by the court below, notwithstanding the contention of the appellant, were left open for future determination as the opinion in the case cited clearly shows. These questions were raised by the bills filed in the cases at bar, and were determined by the trial court from whose decrees these appeals were taken. All the facts were found and clearly stated by the court, and are amply supported by the evidence. They fully sus-

tain the court in its conclusion, and the decrees dismissing the bills can be set aside only by reversing the findings of fact. A review of the large amount of testimony in the record for the purpose of sustaining the learned chancellor's findings of fact would unduly extend this opinion, and would serve no good purpose. Our knowledge of the facts of the prolonged contest between these companies, disclosed in the two prior adjudications, and the testimony now before us leave us in no doubt as to the correctness of the decrees entered by the court below.

The decree in each case is affirmed.