# North Shore Railroad Company *v*. Pennsylvania Company, Appellant.

*Eminent domain—Railroads—Evidence—Strategic position of land—Damages—Measure of damages.*

1. The measure of damages in eminent domain proceedings, where a part only of the property is taken, is the damage to the property as a whole; so much as belongs to the same proprietor and which is connected with the part taken and used for the same purposes, will in general, be held to constitute an entire holding.

2. In proceedings to assess damages for land of a railroad company which had ceased to operate, and which land had been condemned by another railroad company, the admission in evidence of deeds covering a portion of the property of plaintiff, not included in the land appropriated by defendant, for the purpose of showing the extent of the property before the condemnation, as a continuous right of way, was not error.

3. In such case, minutes of a railroad company from which plaintiff acquired title, concerning the purchase of certain rights of way, were admissible in evidence for the purpose of showing title in plaintiff, and also to show the extent of plaintiff's holdings; it was not material that the minutes contained statements as to the valuation of the property, where they were not offered for the purpose of showing its value.

4. In proceedings to condemn land for railroad purposes, for a bridge site, or for a reservoir or water-supply, it may be shown that the land has an especial availability which would render it of value to anyone who might wish to purchase it for such purposes, and the owner may insist upon this availability of his land for the particular purpose as an element in estimating its value.

5. Where in such case, it appeared that plaintiff had lost its right to operate the railroad, the damages for taking the right of way were not thereby limited to the value of the ground for rural or agricultural purposes, and the court properly admitted evidence tending to show that the property as a whole occupied a strategic position, which was of probable value to others as well as to defendant by reason of its availability for the location and construction thereon of a line of electric or steam railway.

*Practice, Supreme Court—Appeals—Assignments of error—Rule 26—Defective assignments.*

6. An assignment of error which raises questions as to the rel-

evancy of testimony offered and also as to the competency of witnesses, violates Rule 26, providing in effect that if any specification of error raises more than one distinct question, it shall be considered a waiver of all the errors so alleged.

Argued Oct. 8, 1915. Appeal, No. 38, Oct. T., 1915, by defendant, from judgment of C. P. Beaver Co., June T., 1912, No. 370, on verdict for plaintiff, in case of North Shore Railroad Company v. Pennsylvania Company. Before Brown, C. J., Potter, Stewart, Moschzisker and Frazer, JJ. Affirmed.

Appeal from award of viewers in condemnation proceedings. Before Bouton, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $9,150.00 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

*Wm. A. McConnell,* for appellant.

*J. Sharp Wilson,* with him *Jas. L. Hogan* and *Clyde Holt,* for appellee.

Opinion by Mr. Justice Potter, January 3, 1916:

This appeal is from a judgment which was entered in the court below, in the trial of an appeal from an award of viewers in proceedings for the condemnation of a right of way by the defendant company, under its power of eminent domain. As the result of previous and prolonged litigation, it had been finally determined that the plaintiff in this case, the North Shore Railroad Company, which had procured land, and had graded and ballasted a right of way for a railroad, had no rights as a railroad against the Pennsylvania Company, as it had ceased to exercise its public functions and had not complied with the requirements of its charter: Ohio River

Jct. R. R. Co. v. Pennsylvania Co., 216 Pa. 316; In re
Ohio River Jct. R. R. Co.'s Petition, 219 Pa. 345, and
North Shore R. R. Co. v. Pennsylvania Co., 235 Pa. 395.

Upon the trial, the plaintiff showed title to a strip of
ground, its former right of way, about five miles long.
The portion appropriated by defendant was thirty feet
in width and about five thousand one hundred feet in
length. The jury by its verdict in favor of the plaintiff
fixed the damages at the sum of $9,150.00, with interest
from April 11, 1914, and from the judgment entered
upon the verdict, the defendant has appealed.

In the first assignment of error counsel for appellant
complains of the admission in evidence of deeds to a por-
tion of the property of plaintiff not included within the
land appropriated by the defendant. As the measure
of damages in a proceeding such as this, where a part
only of the property is taken, is the damage to the prop-
erty as a whole, it was clearly right for the plaintiff to
show the extent of the property in question as a con-
tinuous right of way, as it was that upon which defend-
ant entered and appropriated in part to its own use.
In determining what constitutes an entire contiguous
holding, the general rule is that it is so much as belongs
to the same proprietor, which is connected with the
part taken, and is used for the same purpose: Potts, et
al., v. Penna. Schuylkill Val. R. R. Co., 119 Pa. 278. The
evidence was properly admitted, and the assignment of
error is without merit.

In the second and third assignments, error is alleged
in the admission against defendant's objection of certain
extracts from the minutes of the Ohio River Junction
Railroad concerning the purchase of certain rights of
way. This evidence was introduced to show the chain
of title to the right of way of plaintiff, part of which was
being taken. For that purpose it was properly admitted,
and also to show the extent of the holdings of the plain-
tiff. The verdict of the jury does not bear out the sug-
gestion of counsel for appellant, that they were unduly

impressed with the consideration which appeared in the minute as to the valuation placed upon the right of way. The minute was not offered to show the value of the property at the time it was made, in 1898. Had that been the purpose of the offer, it would have been inadmissible. But for the purpose of showing title in the plaintiff, and the extent of its holdings, it was competent evidence, and was properly received.

In the fourth assignment, the court below is charged with error in admitting testimony as to a previous trespass by the defendant company on the property of plaintiff. This testimony was improperly introduced, but in charging the jury, the court referred to this particular evidence and instructed the jury that no damages could be awarded for an entry of any kind which occurred before the appropriation of May 8, 1912. There is, therefore, no reason to believe that defendant was harmed by the admission of this testimony, and we do not regard it as amounting to reversible error.

The fifth, ninth, fifteenth and sixteenth assignments of error are bad, as to form, in that they each raise more than one distinct question, and for that reason, violate Rule 26, of this court. They raise questions as to the relevancy of the testimony offered, and as to the competency of the witnesses. As to the latter, the witnesses were shown to be men of experience, and familiar with the property in question, and we see nothing to indicate any abuse of discretion upon the part of the court below, in permitting them to testify; furthermore we think their evidence was relevant and material.

In a number of other assignments, the question is raised, whether the court below erred in admitting evidence tending to show that the property taken had value for railroad purposes. Not for the special use or advantage of defendant as a railroad corporation, but for use by any person or corporation interested in such an enterprise. Counsel for appellant contends that the possibility of any such use should not have been taken into

consideration, and further, that since the plaintiff had lost its right to operate as a railroad, the damages for taking its right of way should be based upon the value of the ground for rural or agricultural purposes only. But this contention is manifestly unsound. It is true that the plaintiff was not entitled to recover anything for the loss of a franchise, and we see nothing in the record to indicate that the damages were determined upon any such basis as that. But there was ample evidence tending to show that its property as a whole occupied a strategic position, which was not merely of possible, but was of probable value to others as well as to defendant, by reason of its availability for the location and construction thereon of a line of electric or steam railway.

A sound statement of the reasonable rule for ascertaining the damages resulting from the taking of property under such circumstances, is found in 15 Cyc. 757, as follows: "Compensation must be reckoned from the standpoint of what the landowner loses by having his property taken......There is a recognized difference between estimating damages by the value of the property to the person or corporation exercising the right of condemnation and considering the availability or adaptability of a piece of land for the purpose for which it is condemned as an element of value which would attract any buyer for that purpose. The true rule is that any use for which the property is capable may be considered, and if the land has an adaptability for the purposes for which it is taken, the owner may have this considered in the estimate as well as any other use for which it is capable. Thus, in proceedings to condemn land for railroad purposes, for a bridge site, or for a reservoir or water-supply, it may be shown that the land has an especial availability which would render it valuable to any one who might wish to purchase it for railroad purposes, for a bridge site, or for the purpose of a reservoir or water-supply, and the owner may insist upon this

availability of his land for the particular purpose as an element in estimating its value." Another statement of the same general principle is found in Mississippi & Rum River Boom Co. v. Patterson, 98 U. S. 403, 407, as follows: "In determining the value of land appropriated for public purposes, the same considerations are to be regarded as in a sale of property between private parties. The inquiry in such cases must be, what is the property worth in the market, viewed not merely with reference to the uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted; that is to say, what is it worth from its availability for valuable uses. Property is not to be deemed worthless because the owner allows it to go to waste, or to be regarded as valueless because he is unable to put it to any use. Others may be able to use it, and make it subserve the necessities of life. Its capability of being made thus available gives it a market value which can be readily estimated." One of our latest cases, in which there is a full discussion of the proper method of ascertaining the damages arising from the exercise of the right of eminent domain, is Marine Coal Co. v. Pittsburgh, McKeesport & Youghiogheny R. R. Co., 246 Pa. 478.

In the present case it appears, from the record, as above noted, that the plaintiff had obtained the ownership of a long strip of ground, which, owing to its shape, was chiefly valuable for use as a roadbed for a steam or electric railway. Its value or adaptability for that purpose was enhanced by the fact that it was purchased with such a use in view, and was afterwards further fitted for that purpose by the labor that was bestowed upon it. The evidence shows that plaintiff was holding it for such use, or for sale to others for a similar purpose. Presumably there were reasonable grounds for anticipating that the time would come when plaintiff could utilize the property to its own advantage as a roadway, or could find others, to whom it would be valuable for such use. Why was not the use for which the

property was available in this respect, an important element to be taken into consideration in fixing its fair and just value? We think it was, and that the court below was entirely justified in permitting the jury to consider this element in fixing the amount of the damages.

The assignments of error are all overruled and the judgment is affirmed.