# Holt, Receiver, *v.* Pennsylvania Co., Appellant.

*Railroads—Eminent domain—Right-of-way — Condemnation of portion of right-of-way—Damages—Evidence—Case for jury.*

1. Where a railroad company acquires a right-of-way by grant and condemnation, and, after such right-of-way has ceased to be used for railroad purposes, another railway company condemns a strip of it thirty feet wide, and thereafter appropriates an additional strip, the latter company cannot claim that it paid damages for the whole right-of-way in the first proceeding, if the record of that proceeding shows the company maintained that what was left after the appropriation had value and could be used for railroad purposes.

2. In such case, where the evidence is conflicting as to the original width of the right-of-way, and also as to whether a severance of parts of the right-of-way from the part now appropriated had not resulted from the first appropriation, thus eliminating a claim for damages to the whole right-of-way, but plaintiff alleges that by means of crossing frogs the whole right-of-way can be connected up, the case is for the jury to determine the disputed questions of fact.

Argued May 3, 1921. Appeal, No. 59, Oct. T., 1921, by defendant, from judgment of C. P. Beaver Co., June T., 1913, No. 392, on verdict for plaintiff, in case of R. S. Holt, receiver of North Shore Railroad Co. v. Pennsylvania Co., operating the Pittsburgh, Ft. Wayne & Chicago Ry. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from award of viewers. Before BALDWIN, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,000. Defendant appealed.

*Errors assigned* were, inter alia, various rulings and instructions, appearing by the opinion of the Supreme Court.

*William A. McConnel,* for appellant.—Compensation for these rights-of-way as a whole was recovered in the proceedings under the appropriation of 1912 and, as the land appropriated in 1913 was not contiguous to nor connected in the use to which it was applied at that time by the North Shore Railroad Company with these rights-of-way, evidence as to the same or their value as a whole was not admissible: Ferguson v. R. R., 253 Pa. 581; Potts v. R. R., 119 Pa. 278; Kossler v. Ry., 208 Pa. 50.

*D. A. Nelson,* with him *Holt, Holt & Richardson,* for appellee, cited: North Shore R. R. v. Penna. Co., 251 Pa. 445.

OPINION BY MR. JUSTICE SCHAFFER, May 26, 1921:

This contest is between two corporations, the defendant being the appellant. As we view the record, the matters of complaint are of appellant's own creation.

The North Shore Railroad Company, by grant and condemnation, had acquired a right-of-way for a railroad, some five miles in length; just how much use it had made of such right-of-way, was one of the disputed questions on the trial, as were its width and value. Appellant contends appellee had forfeited its rights as a railroad company, and that this had been judicially determined (North Shore Railroad Co. v. Penna. Co., 251 Pa. 445); granting that is so, the right-of-way in question, as between the parties to this litigation, belonged

to plaintiff and not to defendant; when the latter appropriated it, damages were due to plaintiff, for the value of what was taken, to be fixed by the rule the law prescribes. This same question was raised by appellant in the case just cited and in disposing of it, we said, "Counsel for appellant contends that the possibility of any such use [for railroad purposes] should not have been taken into consideration, and further that, since the plaintiff had lost its right to operate as a railroad, the damages for taking its right-of-way should be based upon the value of the ground for rural or agricultural purposes only. But this contention is manifestly unsound."

For some years prior to 1912, the right-of-way had not been used for railroad purposes; in that year, appellant took a strip only thirty feet in width. In 1913 an additional appropriation was made, which is the subject of this litigation. Had defendant used the foresight in 1912 to include in its condemnation that which is now taken, none of the questions before us would have arisen; since, in the main, its present contention is, that it paid plaintiff, in the first proceeding, for the damages to the property it is now being asked to pay.

Just how we could so hold on the record before us, appellant has not made manifest; certain it is that the strip now involved was not included in the appropriation of 1912. Appellant, however, contends that, in the prior proceedings, damages were claimed to the entire right-of-way. It does appear, on the trial of the 1912 case, some of plaintiff's witnesses testified, in substance, that the appropriation then made ruined and destroyed the right-of-way; but it also appears witnesses for defendant averred that what was left of the right-of-way after the 1912 appropriation could be utilized for railroad purposes. So that defendant's position then and now cannot be reconciled. Having maintained, on the former trial, that what was left of the right-of-way was of value, it cannot complain if the jury adopted that view on this.

Defendant also claims the result of the 1912 appropriation was to cut off parts of the right-of-way from that portion of it which is now being appropriated, and therefore a claim for damages to the whole right-of-way cannot be sustained in this proceeding; but plaintiff counters this proposition with the allegation that, by means of crossing frogs, the whole right-of-way can be connected up.

The jury before whom the case was tried had the benefit of a view of the property, to determine its physical aspects, and as the question whether there had been a severance of parts of the right-of-way from other parts of it by the 1912 appropriation was disputed before them, their view must have aided greatly in the solution of that problem. It was a question of fact for their determination, as were those of title to the right-of-way and its extent. There was evidence of an appropriation of part of the right-of-way of plaintiff by appropriate corporate action, and, in addition, evidence of grants to it of portions thereof; and, as to both sources of title, there was a dispute in some instances, whether it was for a right-of-way sixty feet wide or for a less width. These questions were properly submitted to the jury. Bearing on the width of the right-of-way, it is significant that some of the grants fixed the width at sixty feet; this gave color to the claim that the right-of-way was of that width in its entirety. In those cases where the width was not mentioned, plaintiff produced evidence to show an entry and use of land to that extent, while defendant's witnesses testified a less width was actually entered upon; necessarily this dispute was for the jury. The case has been tried three times. On the first trial, there was a verdict in favor of the plaintiff for $5,000, and, on motion of both parties, a new trial was granted. On the second, the jury found for plaintiff for $38,700, and appellant filed a motion for a new trial, which was allowed, unless plaintiff filed a stipulation agreeing to a reduction of the verdict to $7,500; this plaintiff refused to do. On the third trial, which we are reviewing, the verdict fixed

plaintiff's damages at $9,000; and, in disposing of a motion for a new trial, the court below found this was not excessive.

The litigation between these parties has been varied and of long duration. It first appeared in this court in Ohio River Junction Railroad Co. v. Penna. Co., 216 Pa. 316; next in Ohio River Junction Railroad Company's Petition, 219 Pa. 345; again in North Shore Railroad Co. v. Penna. Co., 235 Pa. 395; and then in North Shore Railroad Co. v. Penna. Co., 251 Pa. 445. As we understand it, the pending case ends it. In this protracted legal battle, all the vexed questions which could be raised have we think been determined. It is to the interest of society that litigation should end.

Each of the assignments of error has been carefully examined and full consideration has been given to appellant's arguments addressed to them; none of them points out error which will warrant a reversal of the case. They are all overruled and the judgment is affirmed.