## Park *v.* Hines, Director General of Railroads, Appellant.

*Railroads—Railroad sidings—Removal, trespass charges—Damages for Railroad Administrator.*

In an action of trespass to recover damages for the removal of a railroad siding, a verdict for plaintiff will be sustained where there is sufficient evidence to warrant the finding by the jury that the plaintiff had title to and possession of the land, on which the trespass was committed, and that the rails and other superstructure of the siding were a part of the real estate.

In such case, the proper measure of damages was the cost of restoring the roadbed and the superstructure to the condition to which it was, at the time the trespass was committed.

Where the acts complained of were done by the servants of the U. S. Railroad Administration, acting in the course of their employment, and at the instance of the Director General, in the course of the administration of the railroad property as part of a system of transportation taken over by the Federal Government, the liability was that of the United States Railroad Administration.

Argued April 18, 1927. Appeal No. 81, April T., 1927, by defendant from judgment of C. P. Beaver County, March T., 1920, No. 472, in the case of Mary J. Park v. Walker D. Hines, Director General of Railroads. Before Porter, Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Trespass to recover for the removal of a siding, before Reader, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,038.50 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the Court and answer to points, and refusal of the defendants motion for judgment non obstante veredicto.

*Stewart P. McConnell,* for appellant.—The plaintiff did not own the property taken or injured. Moreover, the matter was res judicata: Ohio River Junction Railroad Co. v. Pennsylvania Railroad Co., 216 Pa. 316; North Shore Railroad Co. v. Pennsylvania Railroad Co., 235 Pa. 395; North Shore Railroad Company v. Pennsylvania Railroad Co., 251 Pa. 445.

*Harold F. Reed* and with him *Wm. F. Schutte,* for appellee.—The case was for the jury: McDonald v. Pittsburgh, 278 Pa. 485; Keck v. Pittsburgh, Harmony and Butler Railway Co., 271 Pa. 479, 482; Wiles v. Emerson-Brantingham Co. 267 Pa. 47.

The liability was on the Director General: Austin v. Director General, 278 Pa. 537.

OPINION BY GAWTHROP, J., July 8, 1927:

This is an action of trespass for the entering upon the land of plaintiff and removing about fifteen hundred feet of railroad track constructed thereon, and damaging the road bed. The jury returned a verdict for plaintiff for $2,038.50. Motions for a new trial and judgment n. o. v. were overruled and judgment was entered on the verdict. This appeal followed.

The following facts are either admitted or established by the verdict: In 1883 W. A. Park and J. H. Park secured a right of way for the construction of a railroad connecting a certain fire-brick plant owned by them with the main line of the Pittsburgh, Fort Wayne & Chicago Railway in Beaver County. By certain deeds and agreements all of the land involved in this action was conveyed to the Parks and by them to the Ohio River Junction Railroad Company, which conveyed to the North Shore Railroad Company and by various conveyances and assurances the title of this company passed to plaintiff, Mary J. Park, April 28, 1916. In March, 1884, an agreement was entered

into between the Pennsylvania Company, lessee of the Pittsburgh, Fort Wayne & Chicago Railway, and the Parks, whereby the latter secured for their own use a side track a little over a mile in length connecting with the main track of the railway company. The agreement provided that about three hundred feet of the siding was to be constructed on land of the railroad company adjoining its main track and that the other part was to be constructed on land of the Parks; that the Parks should do the grading for the side track and furnish the cross-ties; that the company should furnish the "track superstructure and lay it on the ties"; that the Parks should have the right to purchase the superstructure at the cost thereof, or to replace it with a superstructure of their own without cost to the company; that the superstructure should remain the property of the company unless purchased or replaced by the Parks, and that the ties and right of way should remain the property of the Parks; that the company should have the right, after sixty days' notice in writing to the Parks, to discontinue the use of the siding, to remove the connections and enter upon the property of the Parks and remove the part of the siding belonging to the company. The siding was built in 1884 according to this agreement. Prior to 1903, the Parks removed and returned to the company the superstructure constructed by the latter and entirely replaced it with a superstructure of their own, and the title and possession of the superstructure removed by defendant, as well as the title to the land on which it is constructed, was in plaintiff at the time of the trespass. The trespass consisted of an entry upon the side track in May, 1918, by employes of the Pennsylvania Company, lessee of the said Pittsburgh, Fort Wayne & Chicago Railway, then under control and direction of the predecessor in office to Walker D. Hines, Director

General of Railroads, defendant, and the tearing up
of said side track and the removal of the rails and
ties and the disturbance to the road bed itself.

In support of the twenty-eight assignments of error
filed appellant contends: (1) That plaintiff did not
own the property taken or injured; (2) that the whole
matter as to title and trespass is res judicata; (3)
that the court below applied the wrong measure of
damages; (4) that the verdict was excessive; (5)
and that the acts complained of were not the acts of
the United States Railroad Administration through
its Director General of Railroads.

(1) In support of the contention that plaintiff did
not own the property taken or injured, it is urged that
there was error in admitting in evidence various
deeds, agreements, charters, minutes and maps and
other documentary evidence offered by plaintiff for
the purpose of establishing the title of plaintiff to the
land on which the alleged trespass was committed and
the property removed therefrom by defendant. After
a careful examination of the evidence objected to, we
are satisfied that none of the assignments complaining
of the admissions of these offers point out error
which will warrant a reversal of the case. We are
of one mind that the evidence warrants a finding by
the jury of plaintiff's ownership and possession of
the land on which the trespass was committed and of
the rails and other superstructure of the siding as a
part of the real estate.

(2) Appellant urges that it has been repeatedly
decided by the Supreme Court in previous protracted
litigation between plaintiff's assignors and those in
privity of title that the agreement of 1884 was invalid
and as if it had never existed, citing as ruling the
point, Ohio River Jct. R. R. Co. v. Penna. Co., 216
Pa. 316, North Shore R. R. Co. v. Penna. Co., 235 Pa.
395, and North Shore R. R. Co. v. Penna. Co., 251

Pa. 445. An examination of these cases discloses that in none of them was the decision based upon the fact that plaintiff had no title to the land occupied by it as a railroad (including the siding here involved), but upon the lack of rights therein as a public railroad. The learned judge of the court below well said: "This interpretation of these decisions seems to us to be supported by the Supreme Court itself in the case of North Shore R. R. Co. v. Penna. Co., 251 Pa. 445. In this case the court said: 'As the result of previous and prolonged litigation, it had been finally determined that the plaintiff in this case, the North Shore Railroad Company, which had procured land, and had graded and ballasted a right-of-way for a railroad, had no rights as a railroad against the Pennsylvania Company, as it had ceased to exercise its public functions and had not complied with the requirements of its charter: Ohio River Jct. R. R. Co. v. Penna. Co., 216 Pa. 316; in re Ohio River Jct. R. R. Co.'s Petition, 219 Pa. 345, and North Shore R. R. Co. v. Penna. Co., 235 Pa. 395,...... In the case at 251 Pa. 445, the plaintiff was permitted to recover damages from the defendant for the appropriation by it of a part of the very right-of-way involved in the instant case. It would seem clear, therefore, that the cases......decided and reported at 235 Pa. 395, passed upon the rights of the North Shore Railroad Company as a public railroad corporation only, and not upon its rights as a property owner; and this notwithstanding the findings of fact of the court below. The rights of property of Mary J. Park, plaintiff in the instant case, would in like manner be unaffected by those findings and those decisions, for her rights of property are derived from said North Shore Railroad Company, as shown by the evidence in the instant case." In Holt, Receiver, v. Penna. Co., 271 Pa. 76, it is held that as between

plaintiff's predecessor in title and the present defendant the title to the right of way, a part of which is here involved, belonged to plaintiff's predecessor in title. Notwithstanding it was held in Ohio River Jct. R. R. Co.'s Petition, 219 Pa. 345, 347, that the defendant gave notice February 11, 1903, of its purpose to discontinue the use of the side track here involved and disconnect the same from the railroad, that fact could not affect the rights of the then owner of the land on which the siding was built, one of plaintiff's predecessors in title, in the light of the evidence in the present case that there had been at the time the notice was given a complete replacement of the superstructure under the agreement of 1884. We agree with the court below that in none of the above mentioned cases was the issue involved the same as that involved in the instant case and, therefore, the findings in those cases are not res judicata as to it. It follows that the court below was right in holding that the findings in the former cases could not be offered as evidence.

(3) The court charged the jury that the proper measure of damage was the cost of restoring the road bed and superstructure to the condition in which it was at the time the trespass was committed. We find no merit in appellant's contention that this was error. The correctness of the instruction is fully sustained by the following cases cited in the opinion of the court below: McGettigan v. Potts, 149 Pa. 155; Lentz v. Carnegie, 145 Pa. 612; Helbling v. Cemetery, 201 Pa. 171; Robb v. Carnegie, 145 Pa. 324.

(4) The contention that the verdict of $2,038.50 was excessive requires no discussion, as there was evidence that the cost of restoration would be at least five times that amount.

(5) The remaining question is whether the evidence justified a finding that the trespass was one

for which the United States Railroad Administration, through its Director General of Railroads, was liable. Beyond question at the time of the trespass the Pittsburgh, Fort Wayne & Chicago Railway Company, operated by the Pennsylvania Company, was under the control and direction of defendant as Director General of Railroads. There was evidence to prove that the railroad siding in question had been part of the general transportation system of the railroad company. Defendant claimed that the rails upon this siding were still the property of the railroad company. They were valuable for use in the maintenance of the railroad as a transportation system. The trespass was committed by the employes of the railroad company, who had become employes of the United States Railroad Administration. We agree with the learned trial judge that the jury was at liberty to draw the inference from these facts and other evidence in the case that the acts complained of were done at the instance of the Director General in the course of the administration of the railroad property as part of a system of transportation taken over by the Federal Government, and that, therefore, the liability was that of the United States Railroad Administration. This conclusion is supported by the decision in Austin v. Hines, Director General, 278 Pa. 537.

Each of the assignments of error has been carefully examined and full consideration has been given to the arguments of counsel upon them, but we have found no error calling for a reversal of the judgment. Therefore, all of the assignments are overruled and the judgment is affirmed.