# George W. Taylor, Plff. in Err., *v.* Caroline B. Lyon, Exrx., etc.

A demand and refusal are not the only evidence of conversion; it may be shown by other evidence.

In an action for damages for trover and conversion, it is not error for the court to charge the jury that, if they find the goods alleged to have been converted have been sold by the defendant, proof of a demand and refusal is not necessary to a recovery.

(Argued March 14, 1888. Decided April 23, 1888.)

January Term, 1888, No. 172, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Lycoming County to review a judgment on a verdict in favor of the plaintiff in an action of trover and conversion, May Term, 1885, No. 388. Affirmed.

This action was brought by Caroline Lyon, executrix of Edward Lyon, deceased, against G. W. Taylor, for the value of lumber alleged to have been wrongfully converted by Taylor.

The facts are fully stated in the following portions of the charge of the court below:

The plaintiff claims that the defendant wrongfully converted a lot of lumber which belonged to Edward Lyon. [Now, you must not forget that you are in a civil court, and not in a criminal court. You cannot convict any person of larceny here. Your verdict will be a question of dollars and cents, and not a question of guilt or innocence.] [2]

The plaintiff must show that Mr. Lyon had possession of this personal property, and that the defendant got possession wrongfully and converted it to his own use, whereby the plaintiff was injured to the amount of the damages claimed, or to some extent. The plaintiff shows that Edward Lyon in his lifetime had lumber at the Worthington mill (his own mill) ; that he had a sawyer by the name of Hurst, and he claims that certain wagon loads of lumber piled at the mill were taken by and converted to the use of G. W. Taylor. There were only five wagon loads of this kind of lumber taken. . . . It is clear that some of the marks of Edward Lyon were on some of this lumber.

NOTE.—See Blakey v. Douglass, 3 Sad. Rep. 495.

The defense set up is that there was no wrongful conversion; that while G. W. Taylor got the lumber he had a right to do so, and that it was taken with the assent of Edward Lyon. The defense claims that one O. W. Taylor had left logs at this mill to be manufactured into lumber; that when the lumber was manufactured Mr. Lyon's men used some of it to repair his dam and being told of this Edward Lyon said: "All right; give them the value of the lumber you have used;" and that it was in pursuance of this that Mr. Hurst shoved it off to the party defendant. The man who hauled this lumber testified that he had an order from O. W. Taylor to get the lumber, and Hurst shoved it off. . . . The plaintiff's claim is that O. W. Taylor had no lumber there at all; that when Swisher, acting for the defendant, went there, he knew and was bound to know that Taylor had no lumber there; and that the defendant got this man, Hurst, to shove off lumber when he knew it was a wrongful conversion of property to which he had no right. On the other hand the defendant claims that he had lumber there. That if it happened they got some lumber there with Lyon's marks upon it, it was not their fault, as it was shoved off by plaintiff's agent. Defendant therefore claims that he has not wrongfully converted any lumber belonging to the plaintiff. . . .

If the plaintiff is entitled to recover, he would be entitled to recover such damages as he suffered at the time the lumber was taken. [You will then proceed to find the amount, if he is entitled to recover at all. There were four wagon loads, said to contain 4,614 feet of hemlock, 586 feet of pine, 2,227 feet of linn, and 539 feet of cherry.] [7] You have the testimony of several witnesses as to the value of the different kinds of lumber. If the plaintiff is entitled to recover he would recover the value of the lumber at the time and place where it was taken, with interest. If, on the other hand, you find that O. W. Taylor had lumber at this mill, and that this lumber in suit was taken in place of that lumber, there could be no verdict for the plaintiff, and your verdict must then be for the defendant; there would be no wrongful conversion.

The plaintiff submitted the following point:

That demand and refusal are not the only evidence of conversion. A conversion may be shown by other evidence.

*Ans.* Affirmed. The evidence is that Taylor sold the property. [3]

The defendant submitted the following points:

1. If the jury believe from the evidence that O. W. Taylor had lumber at the Lyon mill and that William Hurst, who rep· resented Edward Lyon at the said mill, shoved from the piles of lumber in the yards of said mill the lumber in question, to the teamster that was sent there to haul the same for O. W. Taylor, then the plaintiff has no case and the jury must find for the defendant.

*Ans.* Affirmed, if you find the amount of lumber so taken was substantially the same as what Taylor had there in quality and amount. [4]

2. The plaintiff cannot recover in this action, unless proof be made that he made a demand upon the defendant before this suit was brought, for the delivery of the lumber in question, and the defendant refused to deliver it.

*Ans.* Refused. I think under the circumstances a demand was not necessary. If you believe that the defendant got the plaintiff's lumber and sold it, that would be a conversion of it. There would be no sense in making a demand when the defendant had parted with the property and could not return it. [5]

Verdict for the plaintiff and judgment thereon.

The assignments of error specified, *inter alia:* (2, 7) The portions of the charge in brackets; (3) the answer to the plaintiff's point; (4, 5) the answers to the defendant's points.

*A. D. Hower,* for plaintiff in error.——The only conclusion that the jury could come to from the court's answer to the plaintiff's first point was that because G. W. Taylor sold this lumber, therefore, the plaintiff is entitled to recover. If the court wished to refer to this part of the plaintiff's evidence, it was bound under the decisions of this state, in the same connection, to refer to the evidence of the defendant which shows how the lumber came to the hands of the defendant below and all the circumstances that led to his selling it.

If the court in their charge to the jury refer to the evidence and comment upon it, it is but right that they should bring every part of it which bears upon the point to their notice so that they may not be misled; and if the court instruct the jury that they can see no evidence which leads to certain conclusions, when there is such evidence, it is error. Nieman *v.* Ward, 1

Watts & S. 68; Heilbruner v. Wayte, 51 Pa. 259; Parker v. Donaldson, 6 Watts & S. 137.

Before the plaintiff can succeed in this form of action she must show an intent to convert this lumber unlawfully. Jacoby v. Laussatt, 6 Serg. & R. 304.

When one coming lawfully into possession of the property of another parts with it before demand, he is not liable in trover and conversion. Hilliard, Torts, 592; Boobier v. Boobier, 39 Me. 406; Kelsey v. Griswold, 6 Barb. 436.

As G. W. Taylor came lawfully by the possession of this lumber and sold it, the plaintiff could not recover unless he had proven a demand and refusal before this action was commenced —the effect of the refusal to affirm these points was virtually to say that the taking was fraudulent and tortious—which, if true, was a fact wholly for the jury to find. Under the evidence, the plaintiff could not recover in this form of action, at least before a demand and refusal. Yeager v. Wallace, 57 Pa. 368; Carey v. Bright, 58 Pa. 83; Waring v. Pennsylvania R. Co. 76 Pa. 491; Taylor v. Hanlon, 103 Pa. 504.

If it was possible for Lyon to count this lumber from the marks on the lumber it was his duty to do so, even if the defendant below had been guilty of unlawfully converting the lumber to his own use. Winlack v. Geist, 107 Pa. 298, 52 Am. Rep. 473.

There was not sufficient to infer a wrongful conversion, and "the case should have been withdrawn from the jury" with binding instructions to find for the defendant below. Blakey v. Douglass, 3 Sad. Rep. 495.

We think the general tenor of the charge of the court in affirming the plaintiff's point, in qualifying and denying the defendant's points, and in the other remarks to the jury, had the effect to mislead them, and that the court below should be reversed. A tendency to mislead in the general tenor of a charge, although no particular portion of it is clearly erroneous, is sufficient ground for reversal. Washington Mut. F. Ins. Co. v. Rosenberger, 3 W. N. C. 17; Fawcett v. Fawcett, 95 Pa. 376.


*W. E. Crawford,* for defendant in error.—Demand and refusal is not a conversion; it is but evidence of a conversion of which there may be other evidence.

PER CURIAM:

None of the assignments of error, in this case, can be sustained. The law points were well ruled, and the facts properly submitted to the jury.

Judgment is affirmed.