# Ruppert *v.* West Side Belt Railroad Company; Appellant.

*Lateral support—Evidence—Map—Point—Damages.*

In an action against a railroad company to recover damages for injuries to land caused by the removal of lateral support at a deep cut, a map of plaintiff's land made after suit brought, is properly admissible in evidence for the purpose of showing the land of the plaintiff, the effect of the removal of the support, and the location of the railroad.

In an action to recover damages for injuries to land caused by the withdrawal of lateral support, it is not error to refuse a point worded as follows : "That all the witnesses for plaintiff gave their estimates of the market value, as a basis of damages, that such testimony cannot be received and there being no other evidence of damages, the plaintiff cannot recover and the verdict must be for nominal damages."

*Railroads—Lateral support—Trespass—Jury of view.*

Where a railroad company has gone to trial in an action of trespass against it for withdrawal of lateral support at a cut, the company cannot after a verdict and judgment against it, object that the plaintiff should have had a jury of view appointed to assess the damages.

Argued May 4, 1904. Appeal, No. 135, April T., 1904, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 231, on verdict for plaintiff in case of George Ruppert v. West Side Belt Railroad Company. Before RICE,

P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Trespass to recover damages for land caused by the withdrawal of lateral support at a cut.    Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,200.    Defendant appealed.

*Errors assigned* among others were (1) in admitting in evidence the map of the property referred to in the opinion of the Superior Court; (8) refusal of point quoted in opinion of Superior Court.

*J. C. Boyer*, with him *Johns McCleave*, for appellant.

*Joseph Howley*, of *Hudson & Howley*, for appellee.

OPINION BY SMITH, J., July 28, 1904:

The plaintiff owned land along which the defendant made a deep cut for its railroad, without providing the lateral support thus made necessary to keep his land in place ; and this action is for the damages caused thereby.    The owner of land has an absolute right to the lateral support of his ground in its natural state, and for its withdrawal he may recover the actual damages thus caused to the land.    The measure of damages laid down by the Supreme Court was followed by the learned judge in his charge and rulings, without reference to the manner or other effect of the displacement.    The jury went upon the land and had full opportunity of observing its condition, the effect of the removal, with the railroad thereon, and the pecuniary measure of the injury was left for their determination under the evidence.    The principal features of the evidence were referred to in the charge, and the jury was expressly directed to restrict the verdict to the cause of the removal and the actual damage to the plaintiff's land.    The complaint of the defendant here is reduced to incidental features of the trial.    Error is alleged because a map of the plaintiff's land, made after suit brought, was admitted in evidence, for the purpose of showing the land of the plaintiff, the

removal of the support, and the location of the railroad; and the use of the map by the jury was expressly directed to be confined to this. The condition of the plaintiff's land as affected by the injury, formed the question at issue; and how the admission of a map showing this condition injured the defendant, is not apparent, nor can it be inferred from the law or the evidence. The amount of the damages to be recovered depended on the character and extent of the injury; and the defendant's points on all the material questions of the case were affirmed.

The defendant's fifth point is a copy of a point included in the tenth specification of error in McGettigan v. Potts, 149 Pa. 155. That specification is as follows: "That all the witnesses for plaintiff gave their estimates of the market value as a basis of damages; that such testimony cannot be received, and there being no other evidence of damages, the plaintiff cannot recover, and the verdict must be for nominal damages." *Answer:* "This is refused, but if you find that you cannot ascertain the damages from the evidence laid before you under the measure of damages that I have given to you, then you may render such verdict." The point was there submitted and used in support of a measure of damages not applicable to this class of cases; the point and the answer thereto forming the tenth error assigned. But it is by no means clear that it was differentiated and sustained on this point apart from the answer; nothing in the opinion indicates it; on the contrary the answer evidently contained the offending portion of the specification and we may presume was the ground on which it was sustained as a whole. The answer refers to the measure of damages given in the charge, which was clearly erroneous in cases of this character and therefore the specification was sustained; but the fact that the witnesses gave as the basis of their estimates the market value of the property, was not referred to or condemned in that opinion. In the opinion the Supreme Court said: "In ordinary actions of trespass upon land, the measure is the amount of the injury actually done to the plaintiff's land, and we see no reason to depart from that rule in this case." In the present case the loss caused by the removal of the ground is best determined by its value in place and is the essential question here. This is by no means de-

ciding its value when taken under the power of eminent domain, but leaves the question between the owners and those who remove the lateral support without any right whatever; or without reference to the general effect on the property. While technically and historically the lateral support of the land cannot be said to have a "market value," yet that term has become generic at present, and is a common expression to indicate what is meant by the actual value or the reasonable value of things, in the ordinary affairs of life; and in this general sense we regard its use in the point before us. The jury must have a basis of value to start with, and the value of the land in place was a proper initial step in the proceeding. Evidence of the market value, as a general term, has been used by the courts as the best basis for determining relative values, and from this we arrive at the value of particular things. The value of a thing, whether acquired or lost, is necessarily considered in connection with its natural and ordinary use, and for practical purposes is best arrived at by the estimate of those familiar with it in that condition; rather than the value put upon it by the owner on the one hand, or by the taker on the other.

At the time of the removal of the lateral support complained of, the defendant was the owner in fee simple of the ground through which the cut was made, up to and along Ruppert's line, and in this legal sense, therefore, the parties must be regarded as private individuals, and their rights in the premises regulated accordingly. The intimation of the defendant that the plaintiff should have jurors appointed to assess the damages, under the act of assembly, comes too late; having gone to trial on the issue here presented, without objection, the defendant cannot now be heard to complain of the result.

All the specifications are overruled and the judgment is affirmed.