## Lally v. Central Valley Railroad Company, Appellant.

*Railroads—Eminent domain—Witness—Competency of witness.*

Where land is taken by a railroad in a neighborhood where sales of real estate are few and at long intervals, a witness called to testify as to values is not required to have as full and detailed knowledge on the subject as in other localities where sales are frequent and of public interest, and attention. In all questions of competency on such a subject there must be a sliding scale, the only standard of which is that the witness shall have such knowledge of the subject-matter as can be reasonably expected in view of the circumstances of the particular case.

Argued April 9, 1906.   Appeal, No. 281, Jan. T., 1905, by defendant, from judgment, of C. P. Luzerne Co., May T., 1902, No. 738, on verdict for plaintiff in case of Thomas Lally v. Central Valley Railroad Company.   Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Appeal from award of jury of view.   Before LYNCH, P. J.

At the trial several witnesses were called on behalf of the plaintiff to testify as to land values.   They all testified that they were familiar with the land in question and the value of land in the neighborhood, and prices at which properties were held.   Only one of the witnesses, however, testified as to an actual sale in the particular neighborhood.

The court under objection and exception permitted the witnesses to testify as to values.

Verdict and judgment for plaintiff for $1,800.   Defendant appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions.

*Cormac Francis Bohan,* with him *John T. Lenahan,* for appellant.

*M. N. Donnelly* and *P. A. O'Boyle,* for appellee.

PER CURIAM, May 24, 1906:

The market value of land even in cities is not capable of exact proof, like that of stock or the staple commodities of trade, such as flour, or sugar, or pig iron.   At best it is matter of opinion not strictly of experts, but of those who are shown to be familiar with the neighborhood, the situation and availability of the particular tract, the buying and selling value as shown by such sales or transactions as have occurred under circumstances to make them fair bases for inference as to the particular matter in issue.   In neighborhoods where sales are few and at long intervals it would be unfair and impracticable to require as full and detailed knowledge on the part of witnesses as in other localities where sales are frequent and of public interest and attention.   Opinion of any kind is a poor quality of

evidence, and where admissible at all is only so because it is the best that is available. In all questions of competency on that subject there must be a sliding scale, the only standard of which is that the witness shall have such knowledge of the subject-matter as can be reasonably expected in view of the circumstances of the particular case. The witnesses in the present case appear to have come fairly up to that requirement: Leiby v. Clear Spring Water Co., 205 Pa. 634 (644) ; Smith v. Penna. R. R. Co., 205 Pa. 645; Hope v. Phila., etc., R. R. Co., 211 Pa. 401.

Judgment affirmed.