## White v. Western Allegheny Railroad Company, Appellant.

*Railroads—Condemnation proceedings—Witness—Expert witness—Preliminary test—Opinion as to values.*

Before a witness in railroad condemnation proceedings can be allowed to express an opinion as to land values he should be examined as to his knowledge of the land, and his disqualification to express an opinion must be passed upon by the court. The test, however, must not set the standard of qualification so high as to exclude the only available kind of testimony ordinarily obtainable in such cases.

A witness is qualified to express an opinion as to land value in condemnation proceedings, where he testifies that he was a farmer, had known the farm in question for a period of forty years, frequently passed through it on the public highway, observed the improvements and quality of the land, knew the boundaries, had some familiarity with land value and general selling price in the neighborhood as a county commissioner and man of affairs in that section, had observed the cut made in the location of the railroad, and was familiar with the conditions before and after the entry. In such a case it is immaterial that the witness cannot recall any particular sales in the neighborhood about the time of the entry, inasmuch as no such sales may have been made.

A judgment in favor of a landowner in condemnation proceedings will not be reversed because a speculative answer of a witness was not stricken from the record, if it appears that the answer could not possibly have done the appellant any harm as it was meaningless as bearing upon the amount of damages involved.

Argued Oct. 13, 1908. Appeal, No. 38, Oct. T., 1908, by defendant, from judgment of C. P. Lawrence Co., Dec. T.,

1905, No. 34, on verdict for plaintiff in case of John S. White v. Western Allegheny Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from award of jury of view. Before WILLIAM E. PORTER, P. J.

At the trial the court permitted, under objection and exception, J. A. McMillin and L. M. Jones to testify as to the market value of the land. [1, 6]

J. A. McMillin was asked this question:

"Q. What inconvenience, disadvantage and danger would there be in crossing this railroad at grade in the use of it for farming it as a stock farm or for any use in which a farmer usually uses a farm and for which farms are used in that section of the community?"

Defendant's counsel object and call for the purpose. Offered for the purpose of showing the damage to the plaintiff in the construction and the operation of the railroad through this farm.

Objected to by defendant's counsel as incompetent and immaterial and not being an inquiry as to the subject-matter of the issue in this case.

The Court: He may answer the question, and an exception is sealed for the defendant.

Question read witness:

"A. You wouldn't be in any danger unless a train came along and if one came along it would be apt to crush the wagon or the cattle if the railroad would have the right of the track."

Defendant's counsel object to the question and answer and ask the court to withdraw it from the consideration of the jury and strike the evidence from the record for the reason that the answer as well as the question are entirely speculative and do not go to the subject-matter of the issue.

Verdict and judgment for plaintiff for $1,812.50. Defendant appealed.

*Errors assigned* were (1, 3, 6) rulings on evidence, quoting the bill of exceptions.

*J. Norman Martin,* for appellant.—Where a witness is called to testify as to values, his evidence at best is only secondary; but to give this kind of evidence he must be competent to give an opinion and the preliminary question of competency is for the court below, but he must have some knowledge to make him competent in any event: Reed v. Railroad Co., 210 Pa. 211; Struthers v. Railroad Co., 174 Pa. 291; Sutton v. Railroad Co., 214 Pa. 274; Lally v. Railroad Co., 215 Pa. 436; Hope v. Railroad Co., 211 Pa. 401; Friday v. Penna. R. R. Co., 204 Pa. 405; Michael v. Pipe Line Co., 159 Pa. 99; Davis v. Penna. R. R. Co., 215 Pa. 581.

*Robert K. Aiken,* for appellee.—If a witness has some familiarity with the land and with values, his testimony must go to the jury. The extent of his knowledge affects the weight of his testimony and not his competency: Hope v. Phila. & Western R. R. Co., 211 Pa. 401; Lewis v. Springfield Water Co., 176 Pa. 237; Penna. & New York R. R., etc., Co. v. Bunnell, 81* Pa. 414; Curtin v. Railroad Co., 135 Pa. 20; Hewitt v. Railroad Co., 19 Pa. Superior Ct. 304; East Penna. R. R. Co. v. Hiester 40 Pa. 53; Port v. Railroad Co., 168 Pa. 19.

OPINION BY MR. JUSTICE ELKIN, January 4, 1909:

This case grows out of a proceeding to condemn a strip of the plaintiff's land for railroad purposes under the right of eminent domain. The assignments of error relate to the qualification of certain witnesses to testify to market value before and after the taking. It is argued that the witnesses McMillin and Jones did not have such actual personal knowledge of the farm, its area, improvements, productive qualities, the uses for which adapted, and the general selling price of lands in the neighborhood, as to make them competent to express an opinion on market value. The rule is that the possession and sufficiency of such knowledge is a preliminary question to be passed upon by the court before the witness should be permitted to express an opinion: Michael v. Crescent Pipe Line Co., 159 Pa. 99. The importance of testing the qualification of a witness to express an opinion as a preliminary question, is

pointed out by Brother MESTREZAT in Davis v. Pennsylvania Railroad Co., 215 Pa. 581, wherein it is said: "After such testimony has gone to the jury it is impossible to eradicate it entirely from their minds by any instructions or directions by the court." We agree with the learned counsel for appellant that it is the duty of the trial judge to carefully consider the qualification of each witness in such cases as a preliminary question before an opinion is expressed upon market value. However, the test applied must not set the standard of qualification so high as to exclude the only available kind of testimony ordinarily obtainable in such cases. Market value of land is not capable of exact proof, and at best is a matter of opinion not generally of experts with special knowledge, but of persons familiar with values in the neighborhood. As we view the facts of the present case, the witnesses objected to were qualified to express an opinion as to market value. McMillin was a farmer, had known the farm through which the railroad was constructed for a period of forty years, frequently passed through it on the public highway, observed the improvements and quality of the land, knew the boundaries, had some familiarity with land values and general selling price in the neighborhood as a county commissioner and man of affairs in that section, had observed the cut made in the location of the railroad and was familiar with the conditions before and after the entry. It is true the witness could not recall any particular sales in the neighborhood about the time of the entry, but there is no evidence of such sales being made and there may have been none. Because sales are few and at long intervals or not at all, it would be unreasonable and unjust to the landowner to hold that he is precluded from offering any testimony on the subject of land values before and after the taking, on the ground of there having been no particular sales in that neighborhood. The witness must have such knowledge of the subject-matter as can reasonably be expected in view of the circumstances, the frequency or infrequency of sales, the location, improvement and quality of the land, and such other things as enter into a proper estimate of market value. In other words, the rule requires the best evidence available under the circum-

stances of the case. We think McMillin and Jones, as well as the other witnesses, met this requirement and were qualified to express an opinion as to the market value of the land in question: Smith v. Railroad Co., 205 Pa. 645; Hope v. Railroad Co., 211 Pa. 401; Lally v. Railroad Co., 215 Pa. 436. The answer of the witness to the question complained of in the third assignment was speculative, and upon request should have been stricken from the record, but it could not possibly have done appellant any harm because it was meaningless as bearing upon the amount of damages involved, and certainly does not constitute reversible error.

Assignments of error overruled and judgment affirmed.