# Whitekettle et al. *v.* New York Underwriters Ins. Co.

*Evidence—Competency—Value of real estate—Opinion witnesses —Insurance—Fire insurance.*

1. Care must be taken, when determining the qualification of a witness to express an opinion as to the value of a particular prop-

erty, not to fix the standard so high as to exclude all available testimony on the point.

2. A witness is qualified to express his opinion as to the value of a property, if he has such knowledge in regard to it as may reasonably be expected in view of the circumstances of the particular case.

3. In neighborhoods where sales are few and at long intervals it would be unfair and impracticable to insist upon as full and detailed knowledge on the part of opinion witnesses, as would be required in regard to property in other localities where the sales are frequent and well known.

*Appeals—Error resulting from act of appellant—Statement of questions involved—Assignments of error—Binding instructions—Case for jury.*

4. An error which results from the act of appellant is not ground for reversal.

5. A question not stated in nor suggested by the statement of questions involved will not be considered on appeal.

6. The Supreme Court will overrule a complaint that the trial judge erred in not giving binding instructions in favor of appellant, or that the court in banc erred in not entering judgment non obstante veredicto for him, if the jury might properly have found a verdict in some amount in favor of appellee.

Argued May 16, 1928. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 195, Jan. T., 1928, by defendant, from judgment of C. P. Perry Co., April T., 1927, No. 6, on verdict for plaintiffs, in case of F. H. Whitekettle et al. v. New York Underwriters Insurance Co. of New York. Affirmed.

Assumpsit on policy of fire insurance. Before BARNETT, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $2,792.25. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Horace Michener Schell,* with him *Walter W. Rice,* for appellant.

*Luke Baker,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, June 30, 1928:

In a suit on a fire insurance policy given by defendant to plaintiffs, the latter recovered a verdict, and, from the judgment entered thereon, the former appeals. The case was strenuously contested, but the assignments do not disclose any reversible error.

Appellant's principal complaints relate to the competency of plaintiffs and their witnesses to give opinions as to the value of the insured buildings, which were located in the open country, far from any other property of like character. In sustaining its prior ruling admitting the opinion evidence, the court below says: "In large cities, where real estate sales are of every-day occurrence and prices are well known, it is reasonable to require a high standard of qualification. 'In neighborhoods where sales are few and at long intervals it would be unfair and impracticable to require as full and detailed knowledge on the part of witnesses as in other localities where sales are frequent and of public interest and attention. Opinion of any kind is a poor quality of evidence, and where admissible at all it is only so because it is the best that is available. In all questions of competency on that subject there must be a sliding scale, the only standard of which is that the witness shall have such knowledge of the subject-matter as can reasonably be expected in view of the circumstances of the particular case': Lally v. Cent. Val. R. R. Co., 215 Pa. 436; ......[Appeal of Penna. Co. for Ins. on Lives & Granting Annuities, 282 Pa. 69.] It is hard to imagine a case in which the matter of obtaining well-qualified witnesses to value would be of greater difficulty than in this. As was said in McAnarney v. Newark Fire Ins. Co., supra, [247 N. Y. 176, 183] : 'In the first place, buildings, inde-

pendently of the land upon which they stand, are never the subject of market sales. In the second place, no two buildings are alike in size, proportion, ornamentation, or otherwise. Doubtless no buildings, duplicating those destroyed, could be found the world over. They are incapable of replacement from any market whatsoever. Therefore, the strict rule that market value or market price is an exclusive measure of damage does not apply.'

...... [The buildings] had, however, a value, the defendant had insured them for just what they were, and they were destroyed by fire. Were the plaintiffs, with the legal right to recover the insurance, to be entirely deprived of that right because it was impossible for them to produce expert witnesses qualified by long experience with sales of similar property, to testify to the value of the buildings at the time of the loss? If ever there are cases for the application of the 'sliding scale' of qualifications of witnesses, this would seem to be one. The plaintiffs had worked in and about these buildings,...... one of them for twenty-seven years, the other for nearly as long. They were familiar with the buildings, the purposes for which and the manner in which they were used. They had lived all their lives in the neighborhood and owned other property in it......They would seem to have been at least as well qualified as was the plaintiff in Chauvin v. Superior Fire Ins. Co., 283 Pa. 397, whose testimony respecting the 'actual cash value' of his property was held to have been properly admitted." Nothing can profitably be added to what is thus quoted, which is applicable to all the opinion evidence produced by plaintiffs.

It is further contended that the evidence of plaintiffs themselves was based on blue-prints and appraisal sheets of the insured property, which had been left on the premises by former owners. This plaintiffs denied. When first examined as a witness, one of them was permitted to use those papers in giving his testimony, but all this evidence was subsequently stricken out on de-

fendant's motion. Later, both of the plaintiffs testified as to the value of the destroyed property, based, as each said, on his actual knowledge of the buildings, which extended over a number of years, and from a sketch made on the ground, after the fire, by the two of them acting together. The issue thus raised was one of fact for the jury's determination, and not of law for the court. We need not consider whether the sketch itself was properly admitted in evidence, since no harm could have resulted from its admission: Ruppert v. West Side Belt R. R. Co., 25 Pa. Superior Ct. 613, 615.

Defendant also asks: "May insured testify as to their purpose in buying the insured premises?" To this, as a concrete proposition, we readily answer in the negative, but the error was not plaintiffs'. The point first arose when defendant asked one of plaintiffs on cross-examination: "For what purpose was this plant purchased by you?" The question was objected to, but admitted "as affecting the credibility and the accuracy of the testimony of this witness as going to the value of the buildings." He then answered "We expected to resell to some industry." Defendant afterwards called another witness who testified the other plaintiff had said before the trial that "they were going to dismantle [the buildings] tear them down and sell the lumber." The plaintiff thus referred to was later called in rebuttal and allowed to testify, despite defendant's objection now being considered: "I did not say we were going to dismantle and sell the property......We expected to sell it to some manufacturing company." Of course defendant cannot be heard to complain of that for which it was itself responsible.

The assignments of error as to the charge allege, either actually or in effect, that the court erred in not instructing a verdict in defendant's favor. The statement of questions involved,—which limits the scope of our consideration of an appeal (Morris v. Zinn, 286 Pa. 281; Dravo Contracting Co. v. James Rees & Sons Co., 291

Pa. 387)—predicates this contention on the alleged "absence of competent evidence as to the actual cash values of the insured premises." As we have already shown, there was ample proof of such value, but, if there had not been, the description of the destroyed property, as detailed in the testimony of the various witnesses, would have justified a verdict in some amount (Hartman v. Pittsburgh Incline Plane Co., 159 Pa. 442; Osterling v. Frick, 284 Pa. 397) and hence binding instructions for appellant could not properly have been given.

The judgment of the court below is affirmed.