Davis, Trustee, *v.* Southern Surety Co., Appellant.

Argued October 7, 1930.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Norman A. Martin,* with him *J. Norman Martin,* for appellant.—Burt was not qualified to testify to the value of secondhand machinery: P., B. & B. Ry. v. Mc-Closkey, 110 Pa. 436; Pitts., etc., Ry. v. Vance, 115 Pa. 325; Gallagher v. Kemmerer, 144 Pa. 509; Markowitz v. R. R., 216 Pa. 535; Hope v. R. R., 211 Pa. 401.

In chief, plaintiff disclosed the sale of the machinery by defendant.  It was sold by the witness by whom that fact was disclosed.  Defendant had the right to cross-examine this witness as to the prices received and to

value of machine to show if it was sold at a proper price: Tiley v. Moyers, 43 Pa. 404; Hopkinson v. Leeds, 78 Pa. 396; Webber v. Com., 119 Pa. 223; Helser v. Mc-Grath, 52 Pa. 531; Wolf v. Wolf, 158 Pa. 621.

Defendant had the right to take possession of the machinery: Christ v. Zehner, 212 Pa. 188; East End Mantel Tile Co., 202 Fed. 275; Bank of N. Am. v. Motor Car Co., 235 Pa. 194.

*Wylie McCaslin,* with him *Roy M. Jamison,* for appellee.—The owner of goods or merchandise being familiar with its character, condition and cost and having some knowledge of the prices for which such property has been sold and having a general knowledge of such property, is competent to testify as to its value: Patterson v. Transfer Co., 87 Pa. Superior Ct. 257; Lloyd v. Haugh, 223 Pa. 148; McGill v. Rowand, 3 Pa. 451; Whitesell v. Crane, 8 W & S. 369; Mish v. Wood, 34 Pa. 451; Hofford v. R. R., 43 Pa. Superior Ct. 303.

If a witness offered has any claim to be considered as an expert, the action of the court in admitting his testimony will not be reversed: Stevenson v. Coal Co., 203 Pa. 316; Del. C. S. T. Co. v. Starrs, 69 Pa. 36.

Knowing that Burns and Burt were insolvent at the time, defendant took possession of this property within four months of the adjudication of Burns and Burt as bankrupts. It is therefore respectfully submitted that the defendant took possession of this equipment unlawfully and had no legal right so to do at that time: Greene Co. v. Surety Co., 292 Pa. 304.

OPINION BY MR. JUSTICE WALLING, November 24, 1930:

In 1922, the partnership of Burns & Burt, then engaged in highway construction, entered into a contract with Lawrence County for the construction of an improved highway extending between New Castle and Ellwood City, known as section 2 of Route 315, and

thereafter the same parties entered into a contract
for the construction of another improved highway ex-
tending between Harlansburg and Slippery Rock, known
as section 2 of Route 233. In each case the partnership
gave the county a bond with the defendant, Southern
Surety Company, as surety, conditioned for the faithful
fulfilment of the contract and the saving of the county
harmless, etc. The defendant for its protection took a
conditional written assignment of the partnership's
road building equipment, including shovels, rollers,
pavers, etc., which by its terms authorized the surety
company to take possession of the equipment, in case
the partnership made default. The latter built the two
highways according to contract and they were accepted
by the county in 1923. The partnership, however, was
unable to pay certain outstanding accounts to third
parties for materials used in the construction of these
highways and in February, 1929, the defendant, on the
assumption that its bonds covered such liabilities to
third parties, and that, by such failure to pay, the part-
nership had made default, seized the equipment, which
it proceeded to sell from time to time as it had op-
portunity. In May, 1924, at the instance of creditors,
the partnership was adjudged bankrupt in the United
States Court and Charles R. Davis was appointed trus-
tee and later as such brought this action in trespass
against the surety company to recover for the equipment
so taken. The trial resulted in a verdict and judgment
for plaintiff and defendant has appealed.

The case was stubbornly contested but the record dis-
closes no reversible error. The only default claimed
was the contractors' failure to pay third parties for
material used in the construction of the highways; for
this, neither the county nor the surety on the contrac-
tors' bond was liable. The bond was given to the county
and for its protection and cannot be construed as em-
bracing the indebtedness of the contractors to third
parties, incurred in construction of the highways. We

so held in an exhaustive opinion by Mr. Justice KEP-HART, in case of Greene Co. v. Southern Surety Co., 292 Pa. 305, where the condition of the bond is the same as that in the instant case. It follows that the action of the defendant in seizing the equipment in question was wrongful and renders it liable to the plaintiff for the value of the property so taken. It is proper to say that this taking was before the decision above referred to. What defendant had paid on judgments entered against it by consent at the suits of materialmen, under a mistaken view of the law, is not important in the instant litigation.

The defendant's taking possession of the property being unlawful, constituted a trespass, hence, no demand for its return was required. It is unnecessary, therefore, to determine the sufficiency of the demand made by plaintiff upon defendant's employee who was custodian of the property. Furthermore, defendant had sold a large majority of the property before the suit was brought and sold the balance shortly thereafter. Of course, such conversion obviated the necessity of a demand for a return, even had the original taking been lawful. See Waring v. Pennsylvania Railroad Co., 76 Pa. 491; Etter v. Bailey, 8 Pa. 442; Taylor v. Lyon, 10 Sadler 175; Blakey v. Douglas, 3 Sadler 495; 38 Cyc. 2032; see also Wolf v. Wolf, 158 Pa. 621, 631; Trout v. Kennedy, 47 Pa. 387, 392.

To prove the defendant's sale of the property, plaintiff called its manager, but the trial judge sustained an objection to his being cross-examined as to the price received therefor. We are not convinced that this ruling was error, but its accuracy is immaterial, for defendant called this witness and examined him fully on the same subject.

No reversible error was committed in allowing plaintiff's witness, I. R. Burt, to express an opinion as to the value of the equipment. He had had large experience with such machinery and had participated in the pur-

chase of the equipment here involved, including one item of secondhand machinery. He was also part owner of this property and familiar with its condition. Moreover, the question of the qualification of a witness to express an opinion is one for the discretion of the trial judge whose ruling thereon will not be reversed by an appellate court except in case of clear error: McCullough v. Holland Furnace Co., 293 Pa. 45; Com. v. Cavalier, 284 Pa. 311; Allegro v. Rural Val. Mut. F. Ins. Co., 268 Pa. 333; Ryder v. Jacobs, 182 Pa. 624; Altman v. Lande, 84 Pa. Superior Ct. 399; Com. v. Blankenstein, 81 Pa. Superior Ct. 340; Beck v. Phila. Auto Trade Asso., 59 Pa. Superior Ct. 145. Where the witness has even slight qualifications, permitting him to express an opinion will not be treated as error: Seaman et al. v. Husband, 256 Pa. 571; Stevenson v. Coal Co., 203 Pa. 316; D. & C. Steam Towboat Co. v. Starrs, 69 Pa. 36. The weight of the opinion is of course for the jury. One, although not an expert, may give an opinion as to the value of property of the character and worth of which he has general knowledge: Wilhelm v. Uttenweiler, 271 Pa. 451; Jones v. R. R. Co., 151 Pa. 30, 47; Galbraith v. Phila. Co., 2 Pa. Superior Ct. 359. The witness Pattison was a dealer in builders' supplies and, in extending credit to road builders, had become familiar with appraisements of their equipment and as such had become acquainted with the equipment here in question and able to estimate its value. The opinion given by the witness was his own and that it was formed in part by the aid of an expert, or by what he had learned from other contractors, did not require its exclusion. The partnership, of which Davis is trustee, has unpaid liabilities exceeding the amount of the verdict in the instant case.

The judgment is affirmed.