Brown, for use, *v.* Castle Shannon
Borough, Appellant.

Argued March 28, 1935.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

364

*Samuel A. Schreiner,* for appellant.

*James P. McArdle,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 22, 1935:

The Borough of Castle Shannon (defendant below) appeals from the judgment entered on a verdict against it, on its appeal from the report of a jury of view appointed to ascertain the damages and assess the benefits arising from the widening and change of grade of Library Road in the borough, where it passed, inter alia, in front of plaintiff's property. No question arises regarding plaintiff's right to recover, as an abutting owner on the improvement, if his property was in fact injured by the doing of the work, as the jury, the court below, and now we, are clear that it was. In fact, the only point really in issue is the extent of the damage.

The first matter raised by appellant is whether or not the court below erred in affirming the following point for charge submitted by plaintiff: "If the jury finds that the property of the plaintiff, while abutting the state highway, as condemned, is nevertheless separated from the concrete pavement of said highway by a strip of land upon which is erected a twelve-foot concrete wall, they are entitled to find that the property has suffered the loss of access that it formerly enjoyed." The only objection made by appellant to the affirmance of this point is that "Under the provisions of section 10 of the Sproul Act of May 31, 1911, P. L. 468, as amended by the Act of May 18, 1923, P. L. 252, section 1: 'Where any road, street or highway within the limits of any borough . . . shall form part of any State Highway . . . the State High-

way Commissioner may improve or reconstruct such improved section or sections, *such width as he may deem advisable* [italics appellant's] of such road, street or highway at the expense of the Commonwealth . . . and such improvement . . . shall be made and performed by the State Highway Department at the discretion of the State Highway Commissioner.' "

This is not an objection to the point as a point, but is an objection to the proceeding from the beginning. Yet the council and burgess of the borough, by ordinance, determined the width and grade of the road; it was opened and graded of that width and grade; the borough itself petitioned for the jury of view and appeared before the jury and contested the claims presented, without suggesting that it was not liable for them, except in those cases where it did so because, as it alleged, no damages had been suffered by the claimant; it appealed from the award to this claimant without alleging the Commonwealth was liable and it was not, and prayed "that an issue be awarded wherein [plaintiff] shall be plaintiff and the borough . . . defendant for the purpose of estimating and determining what damages, if any, were sustained by said property by reason of said improvement"; and with its counsel it tried this case without suggesting, at any time, that, if damages were suffered, only the Commonwealth was liable for them. So far as appears, the point was never suggested until appellant's brief in this court was prepared and served. There is nothing in the point, but it suffices to say that as it was not made in the court below it cannot be made on appeal here (Kohn v. Burke, 294 Pa. 282; Kolich v. Monongahela Ry. Co., 303 Pa. 463; Bassett v. Armstrong, 309 Pa. 296) ; especially as the error, if there is one, inures in the whole proceeding, the initiation and prosecution of which was appellant's fault: Whitekettle v. New York Underwriters Ins. Co., 293 Pa. 385; De Vincentis v. Holden, 306 Pa. 212.

The second point argued by appellant relates to a question by appellee asked at the trial. The record discloses the facts in relation thereto to be as follows: "Q. Assuming, Mr. Hering, that a mill building ten years old, resting on a foundation consisting mostly of a concrete wall and partly wooden supports and joints, is located alongside of a thirty-three-foot road some ten feet or fifteen feet from the outer edge of the roadbed as located, and a certain portion of that building is confiscated and condemned and taken and a fill is put in near and beside that building and over that fill there is constructed the new roadbed over which a traffic lane passes, it being a State Highway, and assuming in addition to these facts the fact that immediately after the improvement this building that I have just described to you developed more or less of a bulge, a bow in the building itself, and a sliding effect approximately eight inches takes place on its foundation and concrete wall, what in your opinion would be the cause of that condition immediately after that improvement?

"MR. SCHREINER: That is objected to first because such type of testimony in cases of this kind is incompetent, irrelevant and immaterial and, second, because the question does not cover all the elements which enter into the situation.

"THE COURT: This is offered, I take it, to corroborate the testimony of the other witnesses as to the effects of the—

"MR. McARDLE: The squeeze as they described.

"THE COURT: The objection is overruled. Exception noted to defendant.

"A. (BY THE WITNESS): Why, I find in all them cases that I have run across in such ones that we do so is always through a movement of the hill or road which has been filled in up against the walls of the building."

No objection was made to the qualifications of the witness nor to the fact that the matter was one for expert evidence, though this latter is practically the only objec-

tion now made, and not having been made at the trial is not available here: see cases hereinbefore cited. The record further discloses the following: "The Court: Do you object to this witness testifying as an expert? Mr. Schreiner: I am not objecting to his qualifications." Indeed he could hardly have done so, since the witness, of whom the question was asked, had been a "contractor, raising and moving and shoring buildings" for "fifty-four years." His testimony was offered to show that the bulging of the wall of the building was caused by the presence of the fill or bank of earth against it,—a matter which can best be explained by one who, through his business experience, has expert knowledge on the particular subject. Those who know most on the subject think least of the objection that it is not a matter on which an expert witness can speak ex cathedra. The writer hereof, who had some experience thereon years ago, would, if on the jury, have been glad to receive such an opinion. Moreover, if it be true it is so plain a matter that an expert is not needed to answer it, appellant could not have been hurt by the question and answer, especially as the fact is, and the trial judge so stated, it was but corroborative evidence.

The third point argued is: "Did the court err in striking out the testimony of defendant's witness, David Adamson?" The witness was called to testify to the value of appellee's property before and after the improvement was made. He admitted he was not an expert on values. He admitted also that he had known of but a few sales, and he showed he knew very little as to neighborhood values. His business was "to handle compensation cases for the United Mine Workers of America." He had been "a member of [the borough] council in the years 1924 and 1925." He had bought the house in which he lived. His experience fell far short of that which would qualify him.

The question of the admissibility of evidence from such a witness, is, to a considerable extent, within the discre-

tion of the trial judge: Bohan v. Avoca Boro., 154 Pa. 404; Beck v. Phila. Auto Trade Assn., 59 Pa. Superior Ct. 145; Davis v. Southern Surety Co., 302 Pa. 26. On this point, the trial judge said in his opinion refusing a new trial: "The witness' testimony clearly proves the correctness of the court's ruling. Furthermore, his demeanor on the stand unquestionably showed the witness to be incompetent to testify intelligently, under the law, as to the value of real estate. No further discussion is necessary on this point."

The fourth question argued by appellant is: "Did the court err in permitting cross-examination as to the market value of his [David Adamson's] own property?" This is the same witness to whom reference is made in the immediately preceding point. He had put forward his purchase of his own property as a reason why his opinion evidence should be received. The cross-examination was for the purpose of showing that his testimony had no value whatever. It is difficult to conceive of a reason why cross-examination is not permissible under such circumstances.

The last point argued by appellant is: "Was the verdict excessive?" After reviewing the matter at considerable length, the court below concluded as follows: "The jury having personally viewed the premises were in a position to see and, therefore, better able to evaluate the damages claimed. Upon a careful consideration of the whole record we are of opinion that the verdict was not excessive and should not be disturbed for that reason." As to sustain it does not shock our sense of justice, nor indicate a clear abuse of discretion, we must, of course, under our well-settled rule on the subject, overrule appellant's objection to it: Knobeloch v. Pgh., etc., Ry. Co., 266 Pa. 140; King v. Equitable Gas Co., 307 Pa. 287.

The judgment of the court below is affirmed.