Stevenson *v.* East Deer Township, Appellant.

Argued, October 6, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Irving Sikov*, for appellant.

*Clyde A. Armstrong*, with him *Thorp, Reed & Armstrong*, for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 8, 1954:

The only questions raised by appellant in these condemnation proceedings relate (1) to the competency of two of plaintiffs' witnesses to testify to the value of the property and (2) to the introduction of certain evidence concerning the effect of the taking on the future profitable use of the property as an industrial plant.

Plaintiffs were the owners of a 1.65-acre tract of land in the Township of East Deer, Allegheny County, on which were constructed a small office building and a brick-making plant. The Township relocated and widened a public road and for that purpose took .302

acres of plaintiffs' land together with the office building, a dynamite shed, an oil shed and a gasoline pump and tank. Plaintiffs having appealed from an award of the Board of Viewers on the ground that it was inadequate, a jury in the Court of Common Pleas found a verdict in their favor in the amount of $18,833.33 plus interest. From the judgment rendered on that verdict the defendant Township now appeals to this court.

A witness for plaintiffs, one Edward Milliken, testified to the value of the property but defendant contends that he was not qualified to express an opinion because he had not sufficiently inspected the property at the time of the condemnation. He testified that he was plant manager for a brick company which operated three plants, that he had been in the brick business for 28 years, that he had appraised other brick plants, that he had known plaintiffs' brickyard for approximately 18 to 20 years, and that he was familiar with the result of the condemnation. Defendant did not preliminarily cross-examine him as to his qualifications but subsequently brought out the fact that he had not visited plaintiffs' property for several years nor until about two weeks before the trial; on that occasion, however, he made a thorough inspection of the property and its equipment. The court refused defendant's motion to strike out his testimony. It is true, of course, that in order for a witness to be qualified to testify as to the value of a property he should have a reasonable familiarity with it, the uses to which it might be applied, and the extent and condition of its improvements and productive qualities: *Pittsburgh, Virginia and Charleston Rwy. Co. v. Vance,* 115 Pa. 325, 332, 8 A. 764, 766, 767; *Michael v. Crescent Pipe Line Co.,* 159 Pa. 99, 104, 28 A. 204, 205; *Friday v. Pennsylvania R. R. Co.,* 204 Pa. 405, 408, 54 A. 339; *Reed v. Pittsburg, Carnegie & Western R. R. Co.,*

210 Pa. 211, 213, 59 A. 1067, 1068; *Markowitz v. Pitts-burg & Connellsville R. R. Co. (No. 1)*, 216 Pa. 535, 537, 65 A. 1097, 1098; *Hoffman v. Berwind-White Coal Mining Co.*, 265 Pa. 476, 481, 109 A. 234, 236. But in all such questions of competency there is no fixed or absolute standard; the witness is required to have only such knowledge of the value of the property as could be reasonably expected in the particular case; the standard must not be made so high as to exclude the best evidence available under the circumstances: *Lally v. Central Valley R. R. Co.*, 215 Pa. 436, 64 A. 633; *White v. Western Allegheny R. R. Co.*, 222 Pa. 534, 537, 538, 71 A. 1081, 1082; *Appeal of Pennsylvania Co. for Insurances on Lives and Granting Annuities*, 282 Pa. 69, 75, 127 A. 441, 443; *Whitekettle v. New York Underwriters Ins. Co.*, 293 Pa. 385, 387, 143 A. 129, 130. There must always be borne in mind the distinction between the competency of a witness and the weight to be given to his testimony by the fact-finding tribunal; where, in cases of this nature, the witness has even slight qualifications, permitting him to express an opinion will not be treated as error: *Davis, Trustee, v. Southern Surety Co.*, 302 Pa. 21, 26, 153 A. 119, 121; *Lutz v. Allegheny County*, 327 Pa. 587, 590, 195 A. 1, 2; *Hencken v. Bethlehem Municipal Water Authority*, 364 Pa. 408, 412, 72 A. 2d 264, 266. Moreover, it is a question for the discretion of the trial judge whether a witness has shown himself sufficiently qualified to testify, and his ruling in that regard will not be reversed by an appellate court except in case of clear error: *Davis, Trustee, v. Southern Surety Co.*, 302 Pa. 21, 153 A. 119, 120, 121; *Brown, for use, v. Castle Shannon Borough*, 318 Pa. 363, 367, 368, 178 A. 678, 681; *Lutz v. Allegheny County*, 327 Pa. 587, 590, 195 A. 1, 2; *Hencken v. Bethlehem Municipal Water Authority*, 364

Pa. 408, 412, 72 A. 2d 264, 266. Since the witness Milliken had shown familiarity with plaintiffs' plant over a course of years and had made a special intensive examination of it shortly before the trial the court was fully justified in refusing to strike out his testimony and leaving it to the jury to place such reliance upon it as they might see fit.

The testimony of the other witness challenged by defendant was that given by one Nestor Debay, a contractor who had been engaged in the construction of various types of buildings for a period of 29 years. He gave an opinion in regard to the value of the small frame structure on the property used by plaintiffs as an office building and which was destroyed as a result of the taking. Defendant moved that his testimony be stricken out on the ground that it was vague and indefinite and had not taken into account the factor of depreciation. We agree with the court below that there was no justification for such criticism.

Both the plaintiff Ralph B. Stevenson and the witness Edward Milliken testified that in recent years there has come about a change in the brick-making industry in that, whereas in former years sales to contractors would be made of brick for the construction of merely one or two houses, contractors were now engaged in building large numbers of houses at a time and therefore were customers for greatly increased numbers of bricks, so that a brick-making plant with a restricted productivity could not profitably carry on business under modern conditions. They testified that the taking of an appreciable part of plaintiffs' land left no space available for the construction of new kilns, for the extension of dryers, and for purposes of storage, thus cramping the brickyard to such an extent as to make any future expansion impossible; therefore the damage to plaintiffs by reason of the tak-

ing was not confined merely to the value per unit of the land condemned but resulted also from the crippling of the plant's productivity, thereby making it industrially of less value to any likely purchaser. This testimony was properly admissible. As stated in the strikingly similar case of *St. Louis, Memphis & Southeastern R. R. Co. v. Continental Brick Co.,* 198 Mo. 698, 711, 96 S.W. 1011, 1014, "The witnesses were estimating the value of the property as it was . . . when the railroad company invaded it. In estimating its then value they took into account its capacity as a brick-making concern, not only as then developed, but also as it was then capable of being further developed, and if it was true, as they said it was, that without increasing the machinery and equipment as then existed, except to build other kilns in a line to the east of those already there, the capacity of the plant could be doubled, that was a then present existing fact which gave a then present value to the property, and a destruction of it was a depreciation of its then value."

Defendant does not claim that there were any errors in the charge of the court nor does it specifically challenge the amount of the verdict.

Judgment affirmed.