Earnest et ux., Appellants, *v.* Westmoreland
County Municipal Authority.

Argued November 13, 1961. Before ERVIN, WRIGHT,
WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.
(RHODES, P. J., absent).

Before

SCULCO, J.

*Daniel J. Snyder*, with him *Pershing and Snyder*, for appellants.

*A. C. Scales*, with him *Henry E. Shaw*, and *Scales and Shaw*, for appellee.

OPINION BY WATKINS, J., April 12, 1962:

This is an appeal from the judgment of the Court of Common Pleas of Westmoreland County, entered on a jury verdict in an eminent domain matter, in favor of Dan S. Earnest and Edna S. Earnest, his wife, the plaintiffs-appellants, and against Municipal Authority of Westmoreland County, the defendant-appellee, in the amount of $2000; and from the denial of the plaintiffs' motion for a new trial by the court en banc below.

On October 19, 1951, the Municipal Authority presented its petition condemning certain land owned by the plaintiffs to be used by the Authority for the construction of a reservoir. The amount of land taken as fixed by the plaintiffs and the defendant was substantially the same. The plaintiffs claim 9.823 acres were taken and the defendant 9.18 acres. The land was taken out of a tract containing 72 acres, 37 perches.

A Board of Viewers, on December 21, 1956, awarded damages to the plaintiffs in the amount of $4500. Both sides appealed. After several counsel changes in the meanwhile, the case came to trial on April 27, 1957, and the jury returned a verdict in favor of the Authority and on July 30, 1959, the court below granted plaintiffs' motion for a new trial.

The case was again called to trial on April 1, 1960 and a verdict was returned by the jury in favor of the

plaintiffs in the amount of $2000. The plaintiffs again moved for a new trial which was denied by the court en banc below.

The plaintiffs' principal complaint is that where all access to the property, as provided by a township road, had been destroyed by the taking, the court erred in permitting the jury to take into consideration, in fixing damages, the evidence that a new means of access, by way of a private road had been provided by the Authority and had subsequently been made a public road by the township.

The condemnation date was October 19, 1951. Prior to that time, and in contemplation of the condemnation, in the summer of 1950, the chairman of the Authority discussed a new means of access with Dan Earnest. The Authority, after acquiring the necessary property by purchase on August 23, 1951, built a new access road to the Earnest property in September, 1951. When the location of this road did not prove acceptable to Earnest, the Authority extended the road through the Earnest property and purchased additional land to complete the extension.

The record shows that the original discussion was for the Authority to exchange a deed of the access road for a deed of the area condemned. However, Earnest decided that he did not want access by a private road but preferred a public road because of maintenance cost. Subsequently, after condemnation, but before the viewers' hearing, the Authority had Bell Township take over the private road by ordinance effective September 3, 1954.

There is no question that the taking destroyed access to the plaintiffs' land by the township road at the time of the original taking and that, although access to the plaintiffs' land by private road had been provided by the Authority prior to the taking, access by public road was not available until September 3, 1954.

Access was available and was properly considered by the jury.

As the court below said, ". . . if the testimony of Mr. George Sweeney was believed by the jury, that the new road was built for the benefit of the plaintiffs and was to compensate the plaintiffs for the land taken, the jury could have come to the conclusion that the plaintiffs were not entitled to additional money damages. A new trial 'for inadequacy' should be granted only when the trial court is convinced the verdict is so unreasonably low as to present a clear case of injustice. Karcesky v. Laria, 382 Pa. 227. The award under the testimony was substantial and should not be disturbed."

But even if the jury did not believe that the road was built in lieu of damages, the jury could take into consideration the construction of this private road by the Authority and its ultimate designation as a public road by the township in fixing damages and then, too, the verdict is not so unreasonably low as to present a clear case of injustice.

In *Bachner v. Pittsburgh,* 339 Pa. 535, 15 A. 2d 363 (1940), a Viewers' plan indicated that the City intended to erect a retaining wall along the northern side of the abutting highway and the witnesses were permitted to base their testimony as to damages on the theory that the wall would be constructed in such a way as to destroy access to the street. The court below refused to permit the introduction of an ordinance passed subsequent to the taking but prior to the trial, showing the ten-foot wall in the course of construction which included access to the street from the plaintiffs' property.

The Supreme Court reversed the court below, and in granting a new trial, held that, ". . . the condemnor may limit its appropriation of property, as defined by the terms of the original appropriation, to what is actually necessary to carry out its purposes, or bind it-

self to a specified plan of construction or specified use of the property appropriated, and having done so is entitled to have the damages assessed on that basis. Thus, assuming, arguendo, that the appropriation as defined by the original ordinances and plan did authorize the city to cut off appellees' right of access, as appellees contend, it was clearly competent, under the decisions referred to, for the city to limit its taking and consequent liability for damage by subsequent disclaimer of any intention so to do. Having done this, in effect, by the duly enacted ordinance of 1939 and plan referred to therein, these documents, when offered, should have been allowed in evidence, and damages should have been directed to be awarded on that basis." Here, the purpose of the condemnation was to construct a reservoir and because the plans for the construction of the reservoir included the destruction of the township road access to the plaintiffs' property the Authority constructed a private road to give access to the property prior to condemnation so that as of that time the Authority had limited its appropriation to take care of access to the property.

The contention concerning the cross-examination of the owners as to what was paid for the property when the purchase was made four years prior to condemnation, is without merit. The rule is that when an owner of property offers himself as a witness he may be asked on cross-examination what he paid for the property, if his acquisition thereof is not so remote as to deprive the purchase price of any relevant evidentiary worth. The real purpose for its use in cross-examination is to affect the credibility of the witness in respect to his valuation opinion and not to influence, by comparison, the jury's determination of the property value at the time of the condemnation. *Berkley v. Jeannette,* 373 Pa. 376, 96 A. 2d 118 (1953). It was held in *Lutz v. Allegheny County,* 327 Pa. 587, 195 A. 1 (1937), that

purchase price testimony could be permitted after seven years.

In the instant case the clear purpose of the inquiry was to attack the owner's credibility as to his valuation opinion or to impeach the integrity of his claim, but an examination of this record discloses that the court below was clearly justified in permitting the questions of counsel on cross-examination, particularly, in view of the vagueness and uncertainty of his testimony. However, the contention seems to be much ado about nothing when no answers were elicited from the plaintiff concerning the purchase price of the property. Dan Earnest testified that he did not know what he paid for the property.

In our discussion of the above questions we have already indicated that the plaintiffs' complaint that the verdict of $2000 was inadequate and against the evidence, is without merit. There was great conflict in the evidence as to the damages sustained and wide difference of opinion by so-called expert real estate witnesses as to damages. This is reflected in the viewers' award of $4500; the first jury's verdict for the defendant; and the $2000 verdict of this jury. We agree with the court below that an award of a new trial in the face of the long history of this case and the conflicting testimony in it would be a usurpation of the function of the jury. The denial of the motion for a new trial was not an abuse of discretion.

Judgment affirmed.

ERVIN, J., took no part in the consideration or decision of this case.